FILED
SUPERIOR COURT
OF GUAM

2021 DEC -9 AM 9: 01

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0281-21 |
| Plaintiff, | |
| vs. | |
| BRYAN K. MATHEUS, | DECISION & ORDER: |
| *aka* Bryan Matheus, *aka* Brien Matthews, | Defendant's Motion to Reduce Family |
| *aka* Breien Soram, *aka* Brian Soram, | Violence Charge to a Misdemeanor |
| *aka* Brelen Soram, *aka* Brien Matheus, | |
| DOB: 06/23/1993 or 01/25/1996 | |
| or 06/23/1996 or 02/23/1997 | |
| Defendant. | |

## I. Introduction

This matter came before the Honorable Maria T. Cenzon for a hearing on Defendant's Motion to Reduce Family Violence Charge to a Misdemeanor on September 10, 2021. Attorney William Pole represented Defendant Bryan Matheus ("Defendant"), and Assistant Attorney General Renaida San Nicolas represented the People of Guam (the "People"). After reviewing the Parties' written briefs and the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the court now issues this Decision and Order ruling on the Motion and <u>DENYING</u> DEFENDANT'S MOTION TO REDUCE, for the reasons specific to the Motion and as memorialized herein.

## II. Procedural Background

Pursuant to an Indictment by Grand Jury, the Defendant was charged with Family Violence (As a Third Degree Felony) and Family Violence (As a Misdemeanor) on June 14, 2021.

Defendant filed his Motion to Reduce Family Violence Charge to a Misdemeanor ("Motion") on July 14, 2021. Along with the Motion, Defendant filed a Declaration from the alleged victim Jenefif Eroch ("Victim") in support of the Motion. In her Declaration, the Victim indicated her desire for the charges to be dropped and for the Defendant to return home. The People filed a Response to the Defendant's Motion on July 19, 2021, opposing the reduction of the third degree family violence charge to a misdemeanor arguing that Defendant's prior criminal history supports the charge as a third degree felony. The Defendant filed a Reply to the People's Response on July 22, 2021. After the Defendant filed his initial Reply, the Court held a hearing on the Motion. The first hearing on the Motion was continued because the Defendant indicated that he did not have any evidence as to the Defendant's prior criminal convictions which were referred to by the People in opposition to the Motion. The Defendant filed an amended Reply on August 3, 2021 after receiving the evidence of the prior convictions referred to by the People and the Court held a continued hearing on the Motion on September 10, 2021.

III. **Law and Analysis**

a. **Court's Authority to reduce the charge of Family Violence as a Third Degree Felony to a Misdemeanor**

Under 9 GCA § 30.20(b), the court has the discretion to reduce a felony family violence charge to a misdemeanor upon a written, noticed motion prior to commencement of trial. However, this discretion is limited when the family violence charge is the defendant's third offense and the charge for 3rd Degree Family Violence is brought under 9 GCA § 30.20(a)(3), which states, "for the third offense, the offense shall be classified as a third degree felony and the court shall impose a sentence of no less than one (1) year imprisonment. The person, upon

conviction, shall be termed a 'repeat offender' and may be subject to extended terms pursuant to § 80.38 of Article 2, Chapter 80 of this Title."

In this case, the third degree family violence charge appears to have been brought generally under 9 GCA § 30.20(a), and not specifically subsection (a)(3). Despite this, however, Section 30.20(a)(3) specifically mandates that, upon the offender's third offense for family violence, the defendant shall be deemed a "repeat offender," and the court does not have the authority to reduce the charge to a misdemeanor. Consequently, the defendant shall be charged with a third degree felony.

In order to determine whether to grant the Defendant's motion to reduce the third degree felony charge to a misdemeanor, the Court shall consider the factors enumerated under 9 GCA § 30.20(c):

(1) the extent or seriousness of the victim's injuries;
(2) the defendant's history of violence against the same victim whether charged or uncharged;
(3) the use of a gun or other weapon by the defendant;
(4) the defendant's prior criminal history;
(5) the victim's attitude and conduct regarding the incident;
(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
(7) the defendant's history of and amenability to counseling.

The Court will now address each factor in turn.

b. **Analysis of the 9 GCA § 30.20(c) Factors:**

1.      **The Extent of the Victim's Injuries**: The Declaration filed along with the Magistrate's Complaint in this case states that the Victim sustained some physical injuries. *See* Mag. Compl. p. 3. Specifically, an officer observed swelling and bruising under the Victim's eye, swelling on the back of her head and her jaw, and observed the Victim placing ice on her hand. *Id.* Bodily injury is defined under 9 GCA § 16.10(b) as "physical pain, illness,

unconsciousness or any impairment of the physical condition." Bodily injury as defined here is different than serious bodily injury. Serious bodily injury is defined as bodily injury which creates serious permanent disfigurement, a substantial risk of death or serious, permanent disfigurement, severe or intense physical pain, or protracted loss or impairment of consciousness or of the function of any bodily member or organ under 9 GCA § 16.10(c).

The Victim in this case has been described as having some pain and physical impairment consistent with the statutory definition of bodily injury, as evidenced by the account of her placing ice on her hand and the officer's observed bruising and swelling. Although the injury purported to have occurred here does not rise to the level of serious bodily injury, "serious bodily injury" is not required. Thus, the fact that the Victim allegedly sustained some bodily injury weighs against granting the motion.

**2.      The Defendant's History of Violence against the Same Victim:** The Defendant argues that there is no history of violence against this Victim and the People did not argue nor present any evidence that there is a history of violence against the Victim in this case. The Defendant's prior family violence offenses named a different victim than the Victim named in this case. Additionally, the Victim in this case filed a declaration in support of the Defendant's Motion to Reduce and did not indicate that there have been any prior instances of family violence against her. This factor weighs in favor of granting the motion.

**3.      Use of a Gun or Other Weapon:** The Defendant is alleged to have grabbed a mop from the named Victim and struck her on top of her head with it, and also hit the Victim on her hand with a cellphone. Mag. Compl. p. 3; Decl.. Although the People have not argued that these implements are weapons for purposes of this factor, the Court considers whether a mop and a cellphone are "weapons" as contemplated by 9 GCA § 30.20(c). It is

noteworthy to point out that this section *does not* require the Court to find that the Defendant used a "deadly weapon," only a "weapon." Compare, 9 GCA § 30.200, which refers to the use of a "deadly weapon." A "deadly weapon" is defined as a "firearm, or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to the defendant to be capable of producing death or serious bodily injury." 9 GCA § 16.10(d). Indeed, the Defendant is *not* charged with any special allegation of "Possession or Use of A Deadly Weapon in the Commission of a Felony." This would indicate that the legislature, in crafting this section of law, did not intend that the weapon used by the Defendant be necessarily capable, in and of itself, of producing death or serious bodily injury, but does appear to require a court to consider the Defendant's intended use of the object in causing physical harm to his victim.

The Court has already determined that, based upon the allegations in the Magistrate's Complaint, an officer observed swelling and bruising under the Victim's eye, swelling on the back of her head and her jaw, and observed the Victim placing ice on her hand. Supra; s*ee also,* Mag. Compl. p. 3. Thus, while the Court finds that the manner in which the mop and cellphone were used against the Victim in this case does not rise to the level of a "deadly weapon," the Court finds that the mop and cellphone were used as weapons to cause some physical injury to the alleged victim.[1] This factor weighs against granting the motion.

**4.     The Defendant's Prior Criminal History**: The People argue that, due to the Defendant's prior criminal history of family violence, the current felony family violence charge should not be reduced to a misdemeanor. Specifically, the People cite to the Defendant's

---

[1] But see, *Davis v. State,* 945 A.2d 1167 (Del. 2008)(Supreme Court found that the manner in which a mop wringer was used by the Defendant against his victim constituted a deadly weapon under the circumstances).

prior family violence convictions in CF0618-18 and in CM0365-17. The People argue that the convictions in these cases require the Defendant to automatically be deemed a "repeat offender" under 9 GCA § 30.20(a)(3). People's Opp. to Mot. to Reduce p. 3. Although the Defendant disagrees that the Court should find the global plea agreement in which the Defendant entered to resolve the family violence charges against him in CF0618-18 and CF0365-17, the Court finds Defendant's arguments unpersuasive, and agrees with the People.

Section § 30.20(a) of the Family Violence Act provides, in relevant part, as follows:

(a) Any person who intentionally, knowingly, or recklessly commits an act of family violence, as defined in § 30.10 of this Chapter, is guilty of a misdemeanor, or of a third degree felony, and shall be sentenced as follows:

(1) for the first offense, the court shall impose a sentence of no less than forty-eight (48) hours imprisonment;

(2) for the second offense, the court shall impose a sentence of no less than thirty (30) days imprisonment; and

(3) for the third offense, the offense *shall* be classified as a third degree felony and the court *shall* impose a sentence of no less than one (1) year imprisonment. The person, upon conviction, shall be termed a "repeat offender" and may be subject to extended terms pursuant to § 80.38 of Article 2, Chapter 80 of this Title.

The Court may take judicial notice pursuant to Rule 201 of the Guam Rules of Evidence of the Defendant's prior family violence cases: (1) *People of Guam v. Bryan Matheus,* Superior Court of Guam Criminal Case No. CF0618-18, in which he was Indicted for Aggravated Assault (As a 3rd Degree Felony), SPECIAL ALLEGATION: Possession or Use of a Deadly Weapon in the Commission of a Felony, Terrorizing (As a 3rd Degree Felony), SPECIAL ALLEGATION: Possession or Use of a Deadly Weapon in the Commission of a Felony, (3) Family Violence (As a 3rd Degree Felony), SPECIAL ALLEGATION: Possession or Use of a Deadly Weapon in

the Commission of a Felony, Reckless Conduct (As a Misdemeanor), Assault (As a Misdemeanor), Criminal Mischief (As a Misdemeanor) and Violation of a Court Order (As a Misdemeanor); and (2) *People of Guam v. Brien Matthews, aka Bryan Matheus,* Superior Court of Guam Criminal Case No. CF0365-17, in which he was charged via Magistrate's Complaint with Family Violence (As a Misdemeanor) and Criminal Mischief (As a Misdemeanor). Both cases involved the same victim, but a different victim from the instant case. Each case was founded upon a separate set of allegations occurring on different days and in varying degrees of culpability; therefore, the convictions are for two separate and distinct matters. Moreover, there is nothing in the global Plea Agreement in CF0618-18 and CF0365-17 which evidences any intent by the People or the Defendant that the result of a guilty plea for each case would be considered a single conviction for any purpose, including the repeat offender provisions of 9 GCA § 30.20(a)(3). There is no justification for such an application of a global resolution when it is not clearly provided for in the agreement between the parties, nor accepted by the court.

The Court also takes judicial notice of Defendant's convictions in CF0618-18 *and* CF0365-17 through the entry of GUILTY pleas in *each* case, albeit through a single global plea agreement. Defendant provides no legal authority which supports any argument that a global resolution which requires the Defendant to plead GUILTY to unrelated charges in separate cases is counted only as a single conviction. In CF0618-17, Defendant pled GUILTY to the charge of FAMILY VIOLENCE (As a 3rd Degree Felony), and, in CF0365-17, Defendant pled GUILTY to the charge of FAMILY VIOLENCE (As a Misdemeanor). Plea Agreement (Nov. 27, 2020); Judgment of Conviction (Nov. 27, 2020). Additional support for the court finding separate convictions in his earlier cases is that he received separate one (1) year sentences of incarceration for each offense: One year for the Third Charge of Family Violence (As a Third

Degree Felony) in CF0618-18, and One year for the First Charge of Family Violence (As a Misdemeanor) in CM0365-17, to be served *consecutively.* Id. For these reasons, the court finds this factor to weigh against Defendant's motion.

**5.      The Victim's Attitude and Conduct regarding the Incident**: Here, the named Victim, Jenefif Eroch, has filed a declaration in support of the Motion to Reduce and expressed a desire for the charges to be dismissed altogether. Decl. of Jenefif Eroch ¶ 6. The Victim states that she and Defendant are expecting a child together and she would like to stay with the Defendant and for him to help take care of the baby. *Id.* ¶ 11. The Victim also indicated a desire to have contact with the Defendant, for the charges to be as low as possible if the case is not to be dismissed, and stated that the Defendant is a good person. *Id.* ¶¶ 3, 5, 6–8. The Victim has made it clear that she desires the charge to be reduced or that she would like the case dismissed altogether, therefore her attitude and conduct weigh in favor of granting the motion.

**6.      The Involvement of Alcohol or Other Substance/History of Substance Use**: There are no allegations of alcohol or drug use in the Declaration to the Magistrate's Complaint or the Indictment in this case. However, in the Victim's Declaration in support of the Motion to Reduce, the Victim indicates that she believes that the Defendant drinks and uses drugs sometimes. During the hearing on the Motion, the Defendant also indicated that he has a substance abuse problem but is unable to receive any treatment while he is in jail. Hrg. Min. 9:57:48AM (Sept. 10, 2021). Although the Defendant during the hearing indicated a desire for substance use treatment, his actions belie this statement. As a condition of his probation in CF0618-18 and CM0365-17, the Defendant was ordered to have a drug and alcohol assessment at Guam Behavioral Health and Wellness Center, and never completed the

assessment. If he was committed to getting such treatment, as he indicated during the hearing, he would arguably have done so in the period from the entry of his GUILTY pleas in the earlier cases in November 2020, until charged with the crimes alleged in this case in June, 2021.

Based on the Defendant's history of substance abuse and admitting to having a substance use problem during the hearing, but there being no evidence before the Court that drugs or alcohol were involved in this particular instance, this factor weighs neither in favor or against granting the Motion to Reduce.

**7.     The Defendant's History of and Amenability to Counseling:** As discussed, above, the Defendant was previously ordered to complete an intake and assessment at Client Services and Family Counseling through the court and at Guam Behavioral Health and Wellness Center in CF0618-18 and CM0365-17. The Defendant has either failed to show up for his intake and processing at Client Services and Family Counseling or rescheduled. During the hearing on the Motion the Defendant claimed to have had transportation issues which prevented him from attending his prior appointments for counseling. Hrg. Min. 9:56:11AM (Sept. 10, 2021). The Defendant also mentioned that the Department of Corrections has limited options in regard to counseling available to him. Hrg. Min. 10:00:15AM (Sept. 10, 2021). As demonstrated by the Defendant's prior history, including a violation of probation in CF0618-18/CM0365-17, for failure to report to Probation for intake and processing, the Court is weary about Defendant's claims during the hearing to being amenable to counseling and treatment. Based on his failure to attend and complete counseling and substance use treatment as ordered in his previous cases, this factor weighs against granting the motion.

//

//

## IV.    Conclusion

Although the Defendant has assured the Court that he will attend counseling and treatment, and the Victim expressed a preference for the Defendant to be charged with the lowest possible offense, the Court does not find these to be persuasive enough to warrant a reduction in the felony family violence offense as charged, particularly in light of other factors weighing significantly heavily against grating the motion. Based on the Court's analysis of each of the factors set forth in Section 30.20, including the Defendant's prior criminal history and convictions, his failure to comply with counseling and treatment mandates under his prior family violence cases, and the injuries sustained by the Victim in this instance, the Court hereby DENIES the Defendant's Motion to Reduce the Family Violence Charge to a Misdemeanor.

SO ORDERED this _December 09, 2021_ .

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, W. Pole_

Date: 12/9/21 Time: 9:04am

Deputy Clerk, Superior Court of Guam